Bird vs. Breedlove.

JOHN BIRD, plaintiff in error, vs. JOHN A. BREEDLOVE, defendant in error.

[1.] In an application to the Legislature for a pardon, it is not unlawful to use before the Legislature an authenticated copy of the evidence taken down on the trial of the convict.

[2.] The business of attending to applications for pardon, is not restricted to atterneys at law.

Assumpsit, from DeKalb county.    Decided by Judge Bull, October Term, 1857.

This was an action of assumpsit upon a promissory note for $1,000, given in 1853, by the plaintiff in error, who was the defendant in the Court below, to William T. Williamson, and by the said Williamson transferred to the defendant in error.

Counsel for the defendant below amended his plea substantially as follows: The consideration of said note is illegal, and said note void on the ground, that the consideration of said note was that the said payee thereof should assist in getting the Legislature of said State to pardon Elijah Bird then under sentence of death for murder, and that by the contract the said payee was to use the authenticated copy of the evidence used on the trial, and none other was used by said payee in making his argument to the Legislature, and that said payee was not an attorney at law.

It was agreed by the counsel for the plaintiff and defendant, that the plea should be considered as demurred to, and striken out, that the plaintiff should take a verdict, and the defendant be at liberty to carry the case to the Supreme Court.

Counsel for defendant then filed his bill of exceptions alleging that the Court erred:

1st. In sustaining said demurrer and striking said plea.

2d. In allowing said verdict and judgment.

HAMMOND & SON, appeared for defendant in error.

GARTRELL & GLENN, contra.

By the Court.—BENNING, J. delivering the opinion.

Was the plea good?

Two reasons only, are relied on in support of it:

1st. That, by the contract between John Bird and William-

son, the latter was to use before the Legislature, in the effort to procure the pardon of Elijah Bird, an authenticated copy of the evidence taken down on his trial.

2d. That Williamson was not an attorney at law.

Neither of these reasons was sufficient.

[1.] As to the first;—the Act of 1819, says: "In all cases of application for pardon or reprieve, a certified copy of such evidence," (evidence taken down like this was,) "shall accompany such application." *Cobb's Dig.* 859.

[2.] As to the second—what law is there that restricts business of this sort to attorneys at law? We know of none.

Judgment affirmed.